# Richmond.

## Eggleton v. Whittle.

December 1st, 1887.

Absent, Lewis, P.

Equitable Jurisdiction and Relief—*Judicial Sales—Commissioner's Default—Remedy against Purchaser.*—Commissioner sold land and received the money without giving bond or accounting. Purchaser was required to pay it again. Receiver got judgment against him and surety. Execution was returned, " no effects." Before the return, commissioner executed trust deed to secure purchaser. Receiver filed in pending creditor's suit against commissioner, his petition to enforce his execution lien against fund secured to purchaser. Latter resisted on the ground, (1), that he claimed the fund as his homestead, and (2), that he had assigned it. Receiver then brought suit to enforce his judgment lien against lands of purchaser and surety:

Held:

Receiver was entitled to maintain his suit to enforce said judgment on said lands. Code 1873, ch. 182, § 9, p. 1167.

Appeal from decree of circuit court of Henry county rendered July 17th, 1885, in the chancery cause wherein S. G. Whittle, receiver in the cause of Jesse Wootin's administrator against Lane, is plaintiff, and Joseph H. Eggleton and Allan G. Price, and others, are defendants. Upon hearing, the decree was adverse to the defendants, and they obtained an appeal and *supersedeas.* Opinion states the case.

*Staples* and *Mullen,* for the appellants.

*Green* and *Miller*, for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

S. G. Whittle, receiver, recovered a judgment with the collection of which he was charged, against Joseph H. Eggleton and Allen G. Price; and he brought this suit to enforce the lien of his said judgment upon the lands of said Eggleton and Price, the judgment debtors. Eggleton's liability arose in this way: he was the purchaser of a tract of land, at a judicial sale, from George W. Booker, the commissioner of sale. He paid the purchase money to Booker, who had not qualified himself as commissioner by giving bond, and who never accounted for the money, and Eggleton was required to pay the said purchase money again; and judgment was accordingly duly rendered against him and his surety, Allen G. Price, for the amount, $439 06, besides interest and costs.

While the proceeding in which this judgment was rendered against Eggleton and Price was going on, Eggleton obtained from Booker a deed of trust on some real estate to indemnify him against the loss which was threatened to be visited upon him by his having wrongfully paid the said purchase money to Booker, for which Booker failed to account. Whittle, receiver, issued execution on the judgment against Eggleton, the purchaser of the land, and Price, his surety, and the execution was returned "no effects."

Whittle, the receiver, then directed his attention to the deed of trust which Eggleton had obtained from Booker for his indemnity; and he filed his petition in a suit which had been brought by Booker's judgment creditors to subject Booker's lands to the payment of their claims, setting out his judgment against Eggleton and his unavailing execution thereon, and claiming that his said execution was a lien upon whatever amount might be found due from Booker to Eggleton, and

could be made available under the deed of trust from Booker for Eggleton's benefit.

Eggleton appeared in the same suit and answered the said petition of Whittle, receiver, and resisted the prayer of his petition upon two grounds: first, that he claimed the amount due him from Booker and secured by the deed of trust as his homestead, and it was not therefore liable to Whittle's execution; second, that he had assigned away the whole amount due him from Booker under the said deed of trust—one-fourth to his counsel for fees, and three-fourths to his brother, John G. Eggleton, for moneys advanced to him.

Being thus resisted and thwarted by Eggleton, and it being manifest that he could make no sure calculation as to what would be the final result of his claim in that suit, Whittle, receiver, then brought his own suit against Eggleton and Price to enforce the lien of his judgment upon their lands. Eggleton fought, and is still fighting Whittle's claim to an execution lien on the amount due to him, as reported among the other liens on Booker's lands, in the suit of Booker's creditors against Booker; and now, he resists the suit of Whittle, receiver, to enforce the lien of his judgment on Eggleton's lands, and contends that Whittle should be confined to the contention and doubtful issue of the Booker judgment creditor's suit. Holding both judgment and execution liens against Eggleton, Whittle, when he sought to satisfy his claim out of Eggleton's reported interest in the Booker suit, and being obstructed by Eggleton's defences therein, seeks in this suit to enforce his judgment lien upon Eggleton's lands, is confronted by Eggleton with the demand that he shall retire from this suit, and return to and abide by the uncertain issue of the claim he had already vainly asserted in the Booker creditor's suit.

Eggleton insists that Booker is the "*primary*" debtor, and therefore equity must require Whittle to exhaust pursuit of him, before pursuing Eggleton.

Booker is not a debtor to Whittle, receiver, who has a judg-

ment against Eggleton and his surety, Price, but no judgment against Booker. The only way Whittle, receiver, could come into the Booker judgment creditor suit against Booker was by asserting the lien of his execution on the claim ascertained in that suit in favor of Eggleton. Booker is not a party to the suit of Whittle, receiver, to enforce the lien of his judgment on Eggleton's lands; and all that the court could do in this suit was to enforce Whittle, receiver's, judgment lien, or to turn him out of court altogether. Even if Booker were a party to the suit of Whittle, receiver, against Eggleton no decree against Booker would avail anything, as the record shows his utter insolvency.

The circuit court decreed that the judgment of Whittle, receiver, is a lien upon the lands of Eggleton, the judgment debtor, and ordered the lands to be sold to satisfy the said judgment.

We are of opinion that the decree complained of is right, and to affirm the same.

DECREE AFFIRMED.